UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIVA STEIN,

    Plaintiff,

v.

LIBERTY EXPEDIA HOLDINGS, INC.,

    Defendant.

CIVIL ACTION NO. _____

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the SEC).

2. Plaintiff, a shareholder in Defendant Liberty Expedia Holdings, Inc. ("Liberty Expedia"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 2 in the 2017 Proxy Statement for the annual meeting of Liberty Expedia shareholders scheduled for June 20, 2017 ("Proposal 2"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 2 requests that the shareholders approve the adoption of the Liberty Expedia Holdings, Inc. 2016 Omnibus Incentive Plan ("2016 Plan"), which proposes to allow Liberty Expedia to award 3,678,820 shares to participants in the plan. But it is unclear how

many participants are in the plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 2 of the 2017 Proxy Statement fails to disclose the classes of eligible participants, their approximate number, and the basis of their participation in the 2016 Plan. Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

2

## PARTIES

8. Plaintiff was a holder of Liberty Ventures common stock continuously from June 14, 2014 to November 4, 2016, and has been a holder of Liberty Expedia continuously from November 4, 2016, when the split-off of Liberty Expedia from Liberty Ventures was completed.

9. Liberty Expedia is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 31, 2016. As of April 17, 2017, it had 54,316,667 shares of common stock outstanding. Liberty Expedia's common stock is traded on the NASDAQ under the symbol LEXEA. Liberty Expedia is a global online travel company.

## WRONGFUL ACTS AND OMISSIONS

10. Liberty Expedia has scheduled the annual shareholders' meeting for June 20, 2017. On April 26, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for five management proposals, one shareholder proposal (if properly presented), and to transact other business that may properly come before the annual meeting.

11. Proposal 2 requests that the shareholders approve the 2016 Plan, which Liberty Expedia will be able to use to grant non-qualified stock options, SARs, restricted shares, RSUs, cash awards, performance awards or any combination of to participants in the plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Liberty Expedia stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

12. Because Proposal 2 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information

3

concerning the 2016 Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)     Plans subject to security holder action.
>
> (1)     Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

13.     Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 2 only tells stockholders the following about who will receive these awards:

> The incentive plan is designed to provide additional remuneration to eligible officers and employees of our company, our nonemployee directors and independent contractors (including any employees of Liberty Media or Liberty Interactive providing services to our company) and to encourage their investment in our capital stock, thereby increasing their proprietary interest in our business. The incentive plan is also intended to (1) attract persons of exceptional ability to become our officers and employees, and (2) induce nonemployee directors and independent contractors (including employees of Liberty Media or Liberty Interactive providing services to our company) to provide services to us. Such persons will be eligible to participate in and may be granted awards under the incentive plan. The number of individuals who will receive awards under the incentive plan will vary from year to year and will depend on various factors, such as the number of promotions and our hiring needs during the year, and whether employees, nonemployee directors or independent contractors of our subsidiaries are granted awards. Therefore, we cannot predict the number of future award recipients.

Proxy Statement at 15-16.

14. Nowhere in the 2017 Proxy Statement does Liberty Expedia disclose the number of "officers and employees [], [] nonemployee directors and independent contractors" of Liberty Expedia or its "subsidiaries." Indeed, according to Article II of the 2016 Plan, which is annexed to the 2017 Proxy Statement, the definition of "Subsidiary" is very broad:

> "Subsidiary" of a Person means any present or future subsidiary (as defined in Section 424(f) of the Code) of such Person or any business entity in which such Person owns, directly or indirectly, 50% or more of the voting, capital or profits interests. An entity shall be deemed a subsidiary of a Person for purposes of this definition only for such periods as the requisite ownership or control relationship is maintained.

15. Thus, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the compensation from the 2016 Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

16. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

17. Moreover, while the description of the 2016 Plan in Proposal 2 appears to allow for compensation to be paid to the "nonemployee directors" of "Subsidiaries" – ("The incentive plan is also ***intended to (1) attract persons of exceptional ability to become our officers and employees, and (2) induce nonemployee directors and independent contractors*** (including employees of Liberty Media or Liberty Interactive providing services to our company) to provide services to us…. The number of individuals who will receive awards under the incentive plan will vary from year to year and will depend on various factors, such as the number of promotions and our hiring needs during the year, and ***whether employees, nonemployee directors or independent contractors of our subsidiaries are granted awards***. Therefore, we cannot predict the number of future award recipients.") The 2016 Plan itself does not appear to allow

5

*Subsidiaries'* nonemployee directors to participate in the plan according to Article II of the 2016 Plan:

> "Nonemployee Director" means an individual who is a member of the Board and who is neither an officer nor an employee of the Company or any Subsidiary.
>
> "Company" shall mean Liberty Expedia Holdings, Inc., a Delaware corporation

18. However, Article V of the Plan, § 5.1 states that "The Persons who shall be eligible to participate in the Plan and to receive Awards under the Plan shall be such Persons who are employees (including officers) of, or Nonemployee Directors, independent contractors or employees of Liberty Media Corporation or Liberty Interactive Corporation providing services to, the Company or its Subsidiaries as the Committee shall select. *Awards may be made to employees, Nonemployee Directors or independent contractors who hold or have held Awards under the Plan or any similar or other awards under any other plan of the Company or any of its Affiliates.*"

19. Affiliate is defined in Article II as "any corporation, partnership or other business association that, directly or indirectly, through one or more intermediaries, controls is controlled by, or is under common control with the Company."

20. Proposal 2 does not mention "affiliates" of the Company.

21. Thus, the description of the purpose of the 2016 Plan is also confusing.

22. As stated above, the 2016 Plan allows for 3,678,820 authorized shares of Common Stock to be awarded immediately after the stockholder vote and to meet the requirements of "performance-based compensation" under Section 162(m) of the Internal Revenue Code.

6

23. The preceding paragraphs state a direct claim for relief against Liberty Expedia under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

24. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm on Proposal 2 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the 2008 Restated Plan allows for 3,678,820 shares to be granted to an unknown number of "employees and non-employee directors" of Liberty Expedia or its "subsidiaries" and/or "affiliates" immediately after this vote and then immediately vest. Unwinding these awards will be impossible. Moreover, it is not clear whether the "non-employee directors" of Liberty Expedia's affiliates and subsidiaries are, in fact, eligible for awards under the Plan because the language in the Plan contradicts the statements in Proposal 2.

25. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 2.

26. Consequently, Liberty Expedia should be enjoined from presenting Proposal 2 for a stockholder vote at the June 20, 2017 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Liberty Expedia shareholder in connection with Proposal 2 in the 2017 Proxy Statement.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Liberty Expedia from

      (i)    certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Liberty Expedia shareholder in connection with Proposal 2 in the 2017 Proxy Statement;

      (ii)    presenting Proposal 2 for a shareholder vote at the June 20, 2017 annual meeting;

B.    A preliminary and permanent injunction requiring Liberty Expedia to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

C.    Otherwise proceeding at its June 20, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

D.    Awarding such other and further relief as this Court deems just and proper.

Dated: June 9, 2017

**WOLF HALEDNSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/ Gloria Kui Melwani
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

**BARRACK, RODOS & BACINE**

A. Arnold Gershon
Michael A. Toomey
Eleven Times Square
640 8th Ave., 10th Floor
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Plaintiff*